21-782-cv
*Gianetti v. Teakwood, Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-two.

Present:     DEBRA ANN LIVINGSTON,
                     *Chief Judge*,
             AMALYA L. KEARSE,
             EUNICE C. LEE,
                     *Circuit Judges*.

_____

CHARLES D. GIANETTI,

                 *Plaintiff-Appellant*,

        v.                                                        21-782-cv

TEAKWOOD, LTD., DAVID W. HOUZE, TODD FENTRESS, 256 ENTERPRISES, INC., HERITAGES RESOURCES, INC., JACK D'AURORA, ROBERT J. BEHAL,

                 *Defendants-Appellees*.

_____

For Plaintiff-Appellant:              CHARLES D. GIANETTI, *pro se*, Naples, FL.

For Defendants-Appellees:             JACK D'AURORA, The Behal Law Group LLC, Columbus, OH.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED.**

Plaintiff-Appellant Charles D. Gianetti ("Gianetti"), proceeding *pro se*, appeals the March 1, 2021, judgment of the district court (Underhill, *J.*), dismissing his complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6). Asserting diversity jurisdiction, Gianetti sued a group of companies and individuals in connection with the 2003 merger of Discovery 76, a company in which Gianetti had been a limited partner, into Defendant-Appellee Teakwood, Ltd. ("Teakwood"). The district court determined in its order of February 26 that it lacked personal jurisdiction over some of the defendants and that Gianetti's claims were barred by *res judicata*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under 28 U.S.C. § 1332(a), the federal courts have subject-matter jurisdiction over controversies "between . . . citizens of different States." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). "Despite the parties' agreement that such jurisdiction exists here, however, we are obliged to satisfy ourselves that jurisdiction exists." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (internal quotation marks and citation omitted). Accordingly, "at any time during the proceeding," we may "*sua sponte* delve into the issue of whether there is a factual basis to support . . . subject matter jurisdiction." *Velez v. Sanchez*, 693 F.3d 308, 314 (2d Cir. 2012)

2

(internal quotation marks and alteration omitted). We "review questions of subject matter jurisdiction *de novo*" and "are not limited in our right to refer to any material in the record." *Id.* (internal quotation marks and citations omitted).

"The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.'" *Platinum-Montaur*, 943 F.3d at 617 (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *see also Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).

Gianetti's Amended Complaint fails to plead complete diversity between the parties. The Amended Complaint alleges that Gianetti is "an individual residing in Connecticut," and that defendant Teakwood is "an Ohio limited liability company." App'x 44. But the Amended Complaint further alleges that Gianetti was originally a "limited partner in Discovery 76, an Ohio limited partnership," *id.* at 45, that "Discovery 76 was merged into Teakwood" in 2003, *id.* at 47, and that Gianetti accordingly seeks relief "[b]y virtue of his status as a member of Teakwood," *id.* at 58. Thus, both Gianetti and Teakwood, owing to Gianetti's membership in that entity, are citizens of Connecticut.

3

For the foregoing reasons, we hold that the district court lacked subject-matter jurisdiction over this case.   Accordingly, we **VACATE** the judgment of the district court and **REMAND** for dismissal for lack of subject-matter jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court